**McGuireWoods LLP**
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

**Jeffrey J. Chapman**
Direct: +1.212.548.7060.

jchapman@mcguirewoods.com



June 20, 2019

**Via ECF**

Hon. Loretta A. Preska, U.S.D.J.
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007-1312

    Re:   **Biofrontera AG v. Deutsche Balaton AG et al.**
            **Case No. 1:18-cv-05237-LAP**

Dear Judge Preska:

       This firm represents Plaintiff Biofrontera AG ("Plaintiff" or "Biofrontera") in the above-referenced matter. We write pursuant to Section 2.A of Your Honor's Individual Practices to request a pre-motion conference in connection with Plaintiff's anticipated motion seeking leave to file an amended complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure. In accordance with Your Honor's Individual Practices, Plaintiff hereby reminds Deutsche Balaton AG, Wilhelm Konrad Thomas Zours, Delphi Unternehmensberatung AG, VV Beteiligungen AG, ABC Beteiligungen AG, and Deutsche Balaton Biotech AG (collectively, "Defendants") of their obligation to submit in response a letter not to exceed three pages in length within three business days.

       A party may amend its pleadings with the written consent of the opposing party or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). Defendants have not consented to Plaintiff's request to amend its complaint. Notwithstanding this refusal, leave to amend should be freely given where, as here, "justice so requires." *See id.*; *see also 99 Wall Dev. Inc. v. Allied World Specialty Ins. Co.*, No. 18-cv-126, 2019 WL 2150663, at *2 (S.D.N.Y. May 17, 2019); *Joint Stock Co. v. Infomir LLC*, No. 16-cv-1318, 2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017); *Saldanha v. Baidyaroy*, No. 91-cv-6413, 1994 WL 48795, at *1 (S.D.N.Y. Feb. 14, 1994). "The United States Court of Appeals for the Second Circuit has stated that 'this permissive standard is consistent with our strong preference for resolving disputes on the merits.'" *99 Wall Dev. Inc.*, 2019 WL 2150663, at *2 (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011)). Leave to amend should be granted under Rule 15 "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *99 Wall Dev. Inc.*, 2019 WL 2150663, at *2 (quoting *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000)).

Hon. Loretta A. Preska, U.S.D.J.
June 20, 2019
Page 2

      Plaintiff has reason to believe that Defendants continue to engage in the illegal and wrongful conduct alleged in the complaint. Specifically, Defendants have intentionally and actively solicited investors in the U.S., and continue to intentionally and actively solicit investors in the U.S., to directly or indirectly sell Biofrontera's American Depository Shares ("ADSs") to the Defendants or their affiliates after they announced on May 29, 2019 that they would make a new tender offer for Biofrontera's shares. Further, Defendants have made solicitations and purchases outside of their announced tender offers in violation, and without complying with the requirements, of Section 14 of the Securities Exchange Act of 1934 (the "Exchange Act") and related securities law rules and regulations, despite the disclosures to the contrary in their Schedule 13D amendments filed with the U.S. Securities and Exchange Commission ("SEC") claiming that no such solicitation or tender offer is being made by the Defendants or their agents or affiliates in the United States.

      Plaintiff has uncovered further evidence that Defendants were soliciting and purchasing Biofrontera's ADSs on The NASDAQ Capital Market (and/or the Biofrontera ordinary shares into which they are exchangeable) after their announced May 2019 tender offer—but outside of the tender offer and without complying with U.S. tender offer rules—as recently as June 11, 2019, while their Schedule 13D amendments stated that they were not soliciting U.S investors. For these reasons Plaintiff suspects that the Schedule 13D amendments recently filed by Defendants with the SEC are in fact intentionally and materially false and misleading. For example, the June 7, 2019 Schedule 13D amendment filed by Defendants states: "The [May 2019] joint tender offer will relate to Ordinary Shares only; ADSs will not be able to be tendered. The tender offer materials will be available in the German language and…[n]o tender offer materials will be distributed, nor will any disclosure of the tender offer be made by DBB or its agents or affiliates, in the United States." *See* June 7, 2019 Schedule 13D amendment filed by Defendants (Ex. A).[1] Just a few days later, on June 13, 2019, Defendants filed another Schedule 13D amendment admitting the very behavior that Biofrontera alleges in its Complaint: Defendants have been, and continue to actively solicit and engage, U.S. investors. *See* June 13, 2019 Schedule 13D amendment filed by Defendants (Ex. B) (disclosing that "[i]t is expected that the [May 2019] offer will be made to U.S. shareholders of the Issuer [Biofrontera] (with respect to Ordinary Shares only and not ADSs) in accordance with the 'Tier 1' exemption provided for in Rule 14d-1(c) under the [Exchange] Act, and other applicable provisions of U.S. law").

      This makes clear that the Defendants, from the start of their tender offers, planned to target U.S. investors and, in connection with the most recent tender offer, made misleading statements about their non-solicitation of U.S. investors when in fact they were actively soliciting, a clear attempt to manipulate the market. Moreover, Defendants' belated disclosure in their June 13, 2019 Schedule 13D amendment that the May 2019 tender offer is "expected" to be made in accordance with Rule 14d-1's "Tier 1" exemption demonstrates that their prior Schedule 13D amendment likely contained false and misleading statements that constitute a violation of Section 14(e), as

---

[1] For the Court's convenience, these Schedule 13D amendments are attached hereto as Exhibits A and B.

Hon. Loretta A. Preska, U.S.D.J.
June 20, 2019
Page 3

alleged in Count VI of Plaintiff's complaint—namely that the tender offer would not touch the U.S. and that no U.S. shareholders of Biofrontera would be solicited. *See* June 13, 2019 Schedule 13D amendment filed by Defendants (Ex. B). It strains credulity to think the Defendants were not planning to target U.S. investors from the beginning of their various tender offers, continued to buy in violation of the U.S. tender offer rules, and then later came to the realization, when some of the solicitations in the U.S. actually succeeded, that they would, in effect, need to try to retroactively comply with and avail themselves of the U.S. tender offer rules to allow themselves the ability to complete the purchase of the shares solicited in the U.S. during the pendency of their tender offer. Defendants' behavior confirms that they have knowingly and intentionally violated and continue to knowingly and intentionally violate U.S. securities laws in order to manipulate United States' securities markets since the filing of Plaintiff's complaint. Plaintiff therefore seeks leave to amend its complaint in order to properly plead these newly discovered facts in support of its claims that Defendants knowingly and intentionally continued to violate Section 14(e) of the Exchange Act and that Defendant Zours continued to violate Section 20(a) of the Exchange Act.[2] *See* Compl. ¶¶ 62-72, ECF No. 1.

It is clear that justice requires granting Plaintiff's request. There has not been, nor will there be, any undue delay in this action, as Defendants' motion to dismiss the complaint remains pending and Defendants have not yet answered the complaint. *See 99 Wall Dev. Inc.*, 2019 WL 2150663, at * 3 (finding no undue delay in amendment even after a ruling on a motion to dismiss); *Joint Stock Co.*, 2017 WL 2988249, at *1 (granting leave to amend and finding no undue delay while a motion to dismiss was pending and where no answer had been filed). There is similarly no prejudice to Defendants "because the parties are far from trial, no Defendant has answered, no Rule 16 conference has been held, and no discovery deadlines have been established." *See Joint Stock Co.*, 2017 WL 2988249, at *1. Further, the seriousness of the newly discovered information described herein and Defendants continued behavior in violation of the Exchange Act demonstrates that the bad faith or futility necessary to prevent amendment is lacking. Finally, Biofrontera's annual shareholders' meeting is scheduled for July 10, 2019. Because Plaintiff and its shareholders could be irreparably harmed if the Defendants are able, at such meeting, to vote the shares that they have recently acquired through these illegal solicitations and activities, the Court's ongoing involvement in this matter is necessary and proper. Plaintiff therefore respectfully requests that the Court schedule a pre-motion conference to consider its anticipated motion for leave to amend its complaint.

Thank you for your consideration.

Respectfully submitted,

Jeffrey J. Chapman

---

[2] At this stage Plaintiff does not anticipating adding additional causes of action or parties, but rather is only seeking to plead these additional facts in support of its already existing claims against Defendants.